Laurence M. Rosen, Esq. (CSB# 219683)
**THE ROSEN LAW FIRM, P.A.**
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Tel: (213) 785-2610
Fax: (213) 226-4684
Email: lrosen@rosenlegal.com

-and-

Phillip Kim, Esq.
**THE ROSEN LAW FIRM, P.A.**
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUOHUA ZHU, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | CIVIL ACTION NO. CV 09 4208 |
| Plaintiff, | CLASS ACTION COMPLAINT |
| vs. | |
| UCBH HOLDINGS, INC., THOMAS S. WU, AND EBRAHIM SHABUDIN, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Guohua Zhu, individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against defendants, alleges the following based upon personal knowledge as to himself and his own acts, and

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS                                                              1

information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding UCBH Holdings Corp. ("UCBH," or the "Company"), securities analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons other than defendants and their executive officers and directors who purchased the securities of UCBH during the period from April 24, 2008 through September 8, 2009, inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of federal securities laws and pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, (15 U.S.C. §78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

3. This Court has jurisdiction over the subject matter of this action pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. § 1331.

4. Venue is proper in this Judicial District pursuant to §27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b). UCBH's principal place of business is in the Northern District of California and Defendants Wu and Shabudin reside in the Northern District of California. Many of the acts and transactions alleged herein,

including the preparation and dissemination of materially false and misleading information, occurred in substantial part in this District.

5. In connection with the acts, conduct and other wrongs alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

**PARTIES**

6. Plaintiff Guohua Zhu, as set forth in the accompanying certification, incorporated by reference herein, purchased UCBH securities at artificially inflated prices during the Class Period and has been damaged thereby.

7. Defendant UCBH Holdings, Inc. is a Delaware corporation with its principal executive offices located at 555 Montgomery Street, San Francisco, CA. UCBH is a bank holding company. During the Class Period the Company's common stock traded on the NASDAQ under ticker "UCBH."

8. Defendant Thomas S. Wu ("Wu") served as the Company's CEO, President and Chairman of the Board of Directors until his resignation on September 8, 2009.

9. Defendant Ebrahim Shabudin served as the Chief Credit Officer ("CCO") of UCBH until his resignation on September 8, 2009.

10. Wu and Shabudin are referred to herein as the Individual Defendants.

11. During the Class Period, defendant Wu, as CEO, and Shabudin as CCO were privy to non-public information concerning the Company's business, finances, products, markets, and present and future business prospects via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and Board of Directors meetings and committees thereof and via reports and other information provided to him in connection therewith. Because of their possession of such information, the defendants Wu and Shabudin knew

or recklessly disregarded the fact that adverse facts specified herein had not been disclosed to, and were being concealed from, the investing public.

12. Defendants Wu and Shabudin because of their positions of control and authority as CEO, President, and Chairman of the Board of the Company, were able to and did control the content of the various SEC filings, press releases and other public statements pertaining to the Company during the Class Period. Defendants Wu and Shabudin were provided with copies of the documents alleged herein to be misleading prior to or shortly after their issuance and/or had the ability and/or opportunity to prevent their issuance or cause them to be corrected. Accordingly, defendants Wu and Shabudin are responsible for the accuracy of the public reports and press releases detailed herein and are therefore primarily liable for the representations contained therein.

## **PLAINTIFF'S CLASS ACTION ALLEGATIONS**

13. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all persons who purchased shares of UCBH common stock and options to purchase common stock during the Class Period and who were damaged thereby. Excluded from the Class are defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

14. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, UCBH's securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds of members in the proposed Class. Members of the Class may be identified from records maintained by UCBH or its transfer agent and may be notified of the pendency of this action by mail, using a form of notice customarily used in securities class actions.

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

4

15. Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

16. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

17. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a) whether the federal securities laws were violated by defendants' acts as alleged herein;

(a) whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, financial performance, and management of UCBH; and

(a) to what extent the members of the Class have sustained damages and the proper measure of damages.

18. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## ALLEGATIONS OF FRAUD

19. On April 24, 2008, UCBH issued a press release announcing its financial results for the first quarter of 2008, including net income of $2.2 million. The press release also stated that the provision for loan losses is $35.1 million, net loan charge-offs are $12.3 million and non-performing assets are $185.1 million.

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS
5

20. On May 9, 2008, UCBH filed a quarterly report with the SEC that contained financial statements consistent with the financial information in its April 24, 2008 press release.

21. On July 24, 2008, UCBH issued a press release announcing its financial results for the second quarter of 2008, including net income of $7.7 million. The press release also stated that the provision for loan losses is $32.6 million, net loan charge-offs are $26.2 million and non-performing assets $200 million.

22. On August 11, 2008, UCBH filed a quarterly report with the SEC that contained financial statements consistent with the financial information in its July 24, 2008 press release.

23. On October 23, 2008, UCBH issued a press release announcing its financial results for the third quarter of 2008, including a net loss of $493,000. The press release also stated that the provision for loan losses is $43.2 million, net loan charge-offs are $31.1 million and non-performing assets were $251.6 million.

24. On November 10, 2008, UCBH filed a quarterly report with the SEC that contained financial statements consistent with the financial information in its October 23, 2008 press release.

25. On January 22, 2009, UCBH issued a press release announcing its financial results for the fourth quarter and full fiscal year 2008, including a quarterly net loss of $53.7 million. The press release also stated that the provision for loan losses is $112.1 million for the quarter and $222.9 million for the full-year, net loan charge-offs were $43.6 million for the quarter and $113.2 million for the year, and non-performing assets were $433.8 million as of December 31. 2008.

26. On March 16, 2009, UCBH filed its annual report on Form 10-K with the SEC that contained financial statements for fiscal year 2008. The annual report stated that net loss for the full fiscal-year 2008 was $67.7 million. The annual report also stated

that the provision for loan losses was $262.9 million, and net loan charge-offs were $113.2 million.

27. The financial statements and information issued by UCBH in its press releases, quarterly reports and annual reports for fiscal year 2008 set forth above were false and misleading because UCBH intentionally concealed millions of dollars of loan charge-offs and mounting bad loans.

28. On May 20, 2009, UCBH filed a report on form 8-K stating the Company would have to restate its financial statements for 2008 because "certain loan impairments, and related reserves and charge-offs associated with specific collateral dependent loans and other real estate owned properties which had been analyzed and recorded during the first quarter of 2009, should have been more appropriately recorded and reflected in the fourth quarter of 2008."

29. On September 8, 2009, the Company issued a press release disclosing for the first time the fraud engaged in by defendants. UCBH admitted that its managers had intentionally concealed millions of dollars in bad loans to hide the full extent of the loan losses and the rapidly increasing level of non-performing loans at UCBH in each of its quarterly and fiscal year 2008 financial statements and press releases.

30. The Individual Defendants were forced to resign as a result of the fraud.

### DEFENDANTS CAUSED PLAINTIFF'S LOSSES

31. During the Class Period, defendants engaged in a scheme to deceive the market and a course of conduct that artificially inflated UCBH's share price and operated as a fraud or deceit on purchasers of UCBH shares by misrepresenting the Company's financial condition and business prospects. Once defendants' misrepresentations and fraudulent conduct were disclosed to the market, UCBH's share price reacted negatively as the artificial inflation was removed from its share price. As a result of their purchases of UCBH's shares during the Class Period, Plaintiff and other members of the Class suffered economic loss.

32. During the Class Period, defendants' false and misleading statements had the intended effect and caused UCBH shares to trade at artificially inflated levels throughout the Class Period.

33. As investors and the market became aware of UCBH's prior misstatements and omissions and that UCBH's actual financial condition and business prospects were, in fact, not as represented, UCBH's share price reacted negatively, damaging investors.

34. On September 8, 2009, UCBH disclosed the results of its investigation of the improper accounting practices and the resignations of the Individual Defendants. As a result UCBH stock price dropped 14% damaging investors.

35. Had Plaintiffs known the truth behind the Company's disclosures, they would not have purchased the Company's shares or would have purchased the shares at a much lower market price.

### Applicability of Presumption of Reliance:

### Fraud-on-the-Market Doctrine

36. At all relevant times, the market for UCBH's common stock was an efficient market for the following reasons, among others.

    (a) UCBH's stock met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

    (b) During the Class Period, on average, millions of shares of UCBH stock were traded on a weekly basis, demonstrating a very active and broad market for UCBH stock and permitting a *very strong* presumption of an efficient market;

    (c) As a regulated issuer, UCBH filed periodic public reports with the SEC and the NASDAQ;

    (d) UCBH regularly communicated with public investors via established market communication mechanisms, including

through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

(e) UCBH was followed by securities analysts employed at brokerage firms who wrote reports that were distributed to the sales force and certain customers of their respective brokerage firms during the Class Period. Each of these reports was publicly available and entered the public marketplace.

(f) Numerous NASD member firms were active market-makers in UCBH stock at all times during the Class Period;

(g) Unexpected material news about UCBH was rapidly reflected and incorporated into the Company's stock price during the Class Period.

37. As a result of the foregoing, the market for UCBH's shares promptly digested current information regarding UCBH from all publicly available sources and reflected such information in UCBH's stock price. Under these circumstances, all purchasers of UCBH's shares during the Class Period suffered similar injury through their purchase of UCBH's shares at artificially inflated prices and a presumption of reliance applies.

## FIRST CLAIM

### Violation of Section 10(b) of

### The Exchange Act and Rule 10b-5

### Promulgated Thereunder Against All Defendants

38. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS 9

39. During the Class Period, each of the defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (1) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (2) cause Plaintiff and other members of the Class to purchase UCBH securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

40. Defendants (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's shares in an effort to maintain artificially high market prices for UCBH's shares in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

41. Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of UCBH as specified herein.

42. These defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of UCBH's value and performance and continued substantial growth, which included the making of, or participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about UCBH and its business operations and future prospects, in the light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and

engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of UCBH's shares during the Class Period.

43. The Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing UCBH's operating condition and future business prospects from the investing public and supporting the artificially inflated price of its shares. As demonstrated by defendants' overstatements and misstatements of the Company's financial condition throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

44. As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of UCBH's shares was artificially inflated during the Class Period. In ignorance of the fact that market prices of UCBH's shares were artificially inflated, and relying directly or indirectly on the false and misleading statements made by defendants, or upon the integrity of the market in which the shares trade, and/or on the absence of material adverse information that was known to or recklessly disregarded by defendants but not disclosed in public statements by defendants during the Class Period, plaintiff and the other members of the Class acquired UCBH shares during the Class Period at artificially high prices and were or will be damaged thereby.

45. At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth

1 regarding UCBH's financial results, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their UCBH shares, or, if they had acquired such shares during the Class Period, they would not have done so at the artificially inflated prices that they paid.

46. By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

47. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's shares during the Class Period.

48. This action was filed within two years of discovery of the fraud and within five years of plaintiff's purchases of securities giving rise to the cause of action.

## SECOND CLAIM

### Violation of Section 20(a) of

### The Exchange Act Against the Individual Defendants

49. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

50. Defendants Wu and Shabudin acted as controlling persons of UCBH within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions, and ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, the Defendants Wu and Shabudin had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which plaintiff contends are false and misleading. Defendants Wu and Shabudin were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by plaintiff to be misleading prior to and/or shortly after these

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS  12

statements were issued and had the ability to prevent the issuance of the statements or to cause the statements to be corrected.

51. In particular, each of these defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

52. As set forth above, UCBH and Defendants Wu and Shabudin each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint.

53. By virtue of their positions as controlling persons, Defendant Wu and Shabudin are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' wrongful conduct, plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's shares during the Class Period.

54. This action was filed within two years of discovery of the fraud and within five years of each plaintiff's purchases of securities giving rise to the cause of action.

**WHEREFORE**, plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and plaintiff's counsel as Lead Counsel;

(b) Awarding compensatory damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c) Awarding plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d) Such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: September 11, 2009  Respectfully submitted,

THE ROSEN LAW FIRM, P.A.

*/s/ Laurence Rosen/*

Laurence Rosen, Esq. (SBN 219683)
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Tel: (213) 785-2610
Fax: (213) 226-4684
Email: lrosen@rosenlegal.com

-and-

Phillip Kim, Esq.
THE ROSEN LAW FIRM, PA
350 Fifth Avenue, Suite 5508
New York, NY 10118
Phone: (212) 686-1060
Fax: (212) 202-3827

Attorneys for Plaintiff


CERTIFICATION

Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws

The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by The Rosen Law Firm P.A., retains The Rosen Law Firm P.A. to file an action under the federal securities laws to recover damages and to seek other relief against UCBH Holdings, Inc.. The Rosen Law Firm P.A. will prosecute the action on a contingent fee basis and will advance all costs and expenses. The UCBH Holdings, Inc. Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by The Rosen Law Firm P.A.

First name: Guohua

Last name: Zhu

Address:

City:

State, Zip.

Email:

Phone:

The Plaintiff Certifies that:

1

1. Plaintiff has reviewed the complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff represents and warrants that he/she/it is fully authorized to enter into and execute this certification.

5. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

Shares Purchased:

Purchase Date(s): 5/11/09
Number of shares: 700
Price per Share: 2.7

Purchase Date(s): 5/11/09
Number of shares: 300
Price per Share: 2.68

Purchase Date(s): 5/12/09
Number of shares: 1000
Price per Share: 2.1085

Purchase Date(s): 5/19/09
Number of shares: 1000
Price per Share: 1.7485

Shares Sold:

7. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except if detailed below:

I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate:
yes

By clicking on the button below, I intend to sign and execute this agreement: yes

Clicked to Submit Certification in the UCBH Holdings, Inc. Action

Signed pursuant to California Civil Code Section 1633.1, et seq. - Uniform Electronic Transactions Act