MARK C. MOLUMPHY (#168009)
mmolumphy@cpmlegal.com
JORDANNA G. THIGPEN (#232642)
jthigpen@cpmlegal.com
COTCHETT, PITRE & McCARTHY
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577

*Counsel for Yan and [Proposed]
Liaison Counsel for the Class*

BROWER PIVEN
  A Professional Corporation
David A.P. Brower
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone: (212) 501-9000
Facsimile:  (212) 501-0300

*Counsel for Yan and [Proposed]
Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUOHUA ZHU, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>UCBH HOLDINGS, INC., THOMAS S. WU, AND EBRAHIM SHABUDIN,<br><br>    Defendants.<br><br>*[caption continued after signatures]* | No. 3:09-CV-04208-JSW<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN FURTHER SUPPORT OF YAN'S MOTION TO BE APPOINTED LEAD PLAINTIFF AND TO APPROVE PROPOSED LEAD PLAINTIFF'S SELECTION OF COUNSEL<br><br>DATE: FRIDAY, DECEMBER 18, 2009<br>TIME: 9:00 A.M.<br>CTRM: 11 |

Bai Zhi Yan ("Mr. Yan"), Yan Properties, Inc., and Daylee Home Brother, Inc. (collectively, "Yan") submit this memorandum in further support of its motion: (1) to consolidate, pursuant to Fed. R. Civ. P. 42, the related securities fraud class actions filed against UCBH Holdings, Inc. ("UCBH" or the "Company") and other defendants (collectively "Defendants"); (2) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by Section 101(b) of the Private Securities Litigation Reform Act of 1995 ("PSLRA");[1] and (3) for approval of its selection of the law firm of Brower Piven, A Professional Corporation ("Brower Piven") as Lead Counsel and Cotchett, Pitre & McCarthy ("CPM") as Liaison Counsel for the Class.[2] As the papers filed by each lead plaintiff movant demonstrate, Yan has suffered by far the largest losses (approximately *$2,789,405.26*) of any other lead plaintiff movant from its purchases of UCBH securities between April 24, 2008 and September 8, 2009 (the "Class Period"), and otherwise meets the "typicality" and "adequacy" requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Accordingly, Yan is the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb), and should be appointed as the Lead Plaintiff in this litigation.

## RELEVANT FACTS

Presently pending in this Court are five securities class action lawsuits (the "Actions") brought on behalf of all persons who purchased or otherwise acquired the securities of UCBH during the Class Period ("the Class").[3] On November 10, 2009, pursuant to the PSLRA, nine movants each

---

[1] Originally, Yan moved to be appointed under the Securities Act of 1933 ("Securities Act") as well, but the complaint in *Perez v. UCBH Holdings, Inc., et al.*, No. 3:09-cv-04492-JSW ("*Perez* Action"), which alleged claims under the Securities Act was voluntarily dismissed on November 20, 2009. *See* Dkt. No. 25 on *Perez* Action docket.

[2] *See Zhu v. UCBH Holdings, Inc. et al.*, No. 3:09-cv-04208-JSW (filed Sept. 11, 2009) ("*Zhu* Action"), Dkt. No. 44 (the "Yan Motion"). All docket entries will be to the docket in the *Zhu* Action unless otherwise noted.

[3] Originally, six securities class actions were pending in this Court: the *Zhu* Action; *Tran v. UCBH Holdings, Inc. et al.*, No. 3:09-cv-04429-JSW (filed Sept. 21, 2009); *Waterford Township General Employees Retirement System v. UCBH Holdings, Inc. et al.*, No. 3:09-cv-04449-JSW (filed Sept. 22, 2009); the *Perez* Action; *Nygaard v. UCBH Holdings, Inc. et al.*, No. 3:09-cv-04505-JSW

1  timely filed motions for consolidation and appointment as lead plaintiff and lead counsel, including:
2  (1) Yan; (2) Kyung Cho; (3) The Pension Trust Fund for Operating Engineers ("Operating
3  Engineers"); (4) The Dekalb Pension Fund; (5) Chite Lai;[4] (6) Louisiana Municipal Police
4  Employees' Retirement System and City of Philadelphia Board of Pensions and Retirement (the
5  "Pension Funds"); (7) The Firefighters' Pension System of the City of Kansas City, Missouri Trust
6  (the "Kansas City Firefighters' Pension System"); (8) Mark Cooper (individually and on behalf of
7  Baz Ventures LLC, the Zachary Cooper Trust, and Mark Cooper & Deborah Cooper JT Ten); and
8  (9) Lap Yin Chan and Wai Shan Chan (the "Chans").

## STATEMENT OF ISSUES TO BE DECIDED

Before the Court are eight competing motions for appointment of lead plaintiff and lead counsel in the Actions. Based on the submissions of each lead plaintiff movant, Yan is the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb), as it has suffered the largest losses (approximately $2,789,405.26) of any lead plaintiff movant from its purchases of UCBH securities during the Class Period – a loss that is **$1,048,280.63 more** than the second largest lead plaintiff movant's claimed losses[5] – and it otherwise meets the "typicality" and "adequacy" requirements of Rule 23. Accordingly, Yan should be appointed as the Lead Plaintiff in this litigation.

///

///

---

(filed Sept. 24, 2009); and *Durbin v. UCBH Holdings, Inc. et al.*, No. 3:09-cv-0513-JSW (filed Sept. 24, 2009). However, as stated, the *Perez* Action was dismissed.

[4]   Chite Lai withdrew his motion on November 20, 2009. See Dkt No. 61.

[5]   Kyung Cho claims losses of $1,741,124.63 under the lookback price method. *See* Notice of Motion and Motion of Kyung Cho to Consolidate Related Actions, for Appointment as Lead Plaintiff and Approval of Selection of Counsel; Memorandum in Support Thereof, Dkt. No. 49, at 7 n.1.

In addition, Yan's selection of Brower Piven to serve as Lead Counsel and CPM as Liaison Counsel should be approved because they possess extensive experience in the prosecution of securities class actions and will adequately represent the interests of all Class members.

## ARGUMENT

### I. YAN HAS THE LARGEST FINANCIAL INTEREST IN THE OUTCOME OF THIS LITIGATION AND IS THE PRESUMPTIVE LEAD PLAINTIFF

#### A. Yan Has the Largest Financial Interest in the Outcome of this Litigation

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant (1) with the "largest financial interest in the relief sought by the class," and (2) who otherwise satisfies the requirements of Rule 23. *See In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002); *Ferrari v. Gisch*, 225 F.R.D. 599, 602 (C.D. Cal. 2004). The presumptive lead plaintiff, in this case Yan, **must** be appointed unless it is **proven** that the movant will not satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23(a). *In re Cavanaugh*, 306 F.3d at 730-32. "That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence. So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Id.* at 732.

The determination of which candidate has the largest loss is by far the ***most important*** factor in determining who should be the lead plaintiff. *See Steiner v. Aurora Foods, Inc.*, No. 00-602, 2000 U.S. Dist. LEXIS 20341, at *12-13 (N.D. Cal. 2000). The presumptive lead plaintiff must be appointed unless it is shown that the movant will not adequately represent the class or is subject to unique defenses. *See Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) (quoting *In re Cavanaugh*, 306 F.3d at 732 (once the court "identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether [that plaintiff] satisfies the other statutory requirements."); *see also* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

///

While the PSLRA does not specify a method of determining which plaintiff has the "largest financial interest," courts in this Circuit have interpreted the "largest financial interest" to mean the largest potential recovery and have considered factors such as: (1) the number of shares purchased during the Class Period; (2) the total net funds expended during the Class Period; and (3) the approximate loss suffered. *See Ferrari*, 225 F.R.D. at 604; *Casden v. HPL Techs., Inc.*, No. 02-3510, 2003 U.S. Dist. LEXIS 19606, at *12 (N.D. Cal. Sept. 29, 2003).

As the chart below demonstrates,[6] Yan has the "largest financial interest," as well as the largest potential recovery among the lead plaintiff movants, because it has: (1) purchased more shares than any other movant; (2) expended more net funds than any other movant; and (3) suffered larger losses during the Class Period than any other movant.

| Lead Plaintiff Movant | Total # Shares Purchased | Net Funds Expended | Claimed Losses |
|---|---|---|---|
| Yan | 1,569,370 | $4,280,606.76 | $2,789,405.26 |
| Kyung Cho | 817,423 | $2,517,676.48 | $1,741,124.63 |
| Operating Engineers | 247,920 | $771,358.02 | $770,784.04 |
| The DeKalb Pension Fund | 321,800 | $1,018,025.36 | $759,578.54 |
| Pension Funds | 91,950 | $361,341 | $296,906 under FIFO $297,083 under LIFO |
| Kansas City Firefighters' Pension System | 192,640 | $548,288.48 | $251,354.05 |
| Mark Cooper | 74,800 | $149,457.22 | $103,516.84 |
| The Chans | 25,416.423 | $53,781.16 | $29,635.56 |

Kyung Cho actually claims losses of $2,517,676.48 using a method where he assigned a zero value to the shares he still holds. This method is not contemplated by the PSLRA, which explains that damages must be calculated using the 90-day mean trading price (with one exception not

---

[6] The information for the chart is taken from the lead plaintiff motions filed by the eight movants. *See* Dkt. Nos. 14, 24, 28, 30, 39, 43, 44, 49.

applicable here).[7] Thus, using the 90-day mean trading price, Kyung Cho's loss is actually approximately $1,741,124.63. However, if the Court was to consider the method used by Kyung Cho, using the same method for Yan's transactions would increase its losses to approximately $4,264,856.76—*$1,747,180.28 more* than Kyung Cho's losses. Clearly, none of the other seven movants possess nearly the "largest financial interest" in this litigation and are not the "most adequate plaintiff" under the PSLRA. Thus, their motions to be appointed lead plaintiff should be denied.

### B. Yan Meets the Requirements of Rule 23(a)

In addition to having by far the "largest financial interest" in this litigation among the lead plaintiff movants, Yan "otherwise satisfies the requirements of Rule 23," as required by the PSLRA. 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc).

In the lead plaintiff selection process, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. At this stage, the lead plaintiff movant must make only a *prima facie* showing that the adequacy and typicality requirements under Rule 23 have been met. *See Ferrari*, 225 F.R.D. at 607 ("[A] 'preliminary showing' [of adequacy and typicality] is all that is necessary..."); *Schriver v. Impac Mortgage Holdings, Inc.*, No. 06-31, 2006 U.S. Dist. LEXIS 40607, at *16 (C.D. Cal. May 1, 2006) ("At the lead plaintiff appointment stage, the Rule 23 inquiry is not as searching as it would be on a motion for class certification; the prospective lead plaintiff need only make a prima facie showing that it meets the typicality and adequacy factors.").

Yan has made a *prima facie* showing of "typicality" and "adequacy" under Rule 23. *See* Yan Motion at 7-8. Yan's claims are "typical" of the claims of the proposed Class within the meaning of

---

[7] *See* 15 U.S.C. §78u-4(e)(1) ("the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market").

Rule 23(a)(3) because its claims arise from the same course of conduct by Defendants that gives rise to the other Class members' claims and are based on the same legal theories. *Ferrari*, 225 F.R.D. at 606-07. Like other members of the proposed Class, Yan purchased UCBH securities at prices alleged to be artificially inflated due to Defendants' false and misleading statements and suffered damages therefrom. Yan will rely on the same facts and invoke the same legal theories to establish liability and damages as all other Class members. Thus, Yan's claims are "typical" of the claims of the Class.

The adequacy requirement will be satisfied where the lead plaintiff movant's interests are not antagonistic to those of the class, the movant has a sufficient interest in the outcome of the case to ensure that the movant will vigorously prosecute the action, and the movant selects competent counsel with experience prosecuting securities class action litigation. *See Miller v. Ventro Corp.*, No. 01-01287, 2001 U.S. Dist. LEXIS 26027, at *44 (N.D. Cal. Nov. 28, 2001). The adequacy of Yan cannot be questioned. As demonstrated by the undertakings made by the members of Yan, under oath, in their PSLRA-mandated certifications,[8] Yan is familiar with its duties of a lead plaintiff and class representative under the PSLRA and Rule 23, respectively, and is prepared to diligently discharge those duties. Yan has no interest that is antagonistic to the other Class members. Further, Yan has a significant stake in the outcome of this case to ensure vigorous prosecution of the claims here. Finally, Yan has retained qualified counsel with considerable experience in prosecuting federal securities class actions.[9] Therefore, Yan will adequately represent the Class.

### C. Yan is an Appropriate Group

Yan satisfies the most stringent requirements utilized by the courts for selecting a lead plaintiff under the PSLRA. The PSLRA expressly refers to the "person or **group of persons** that…has the largest financial interest in the relief sought…" 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)

---

[8] *See* Declaration of Mark C. Molumphy in Support of Yan's Motion for Consolidation, Appointment of Lead Plaintiff and Approval of Selection of Counsel ("Molumphy Decl."), Dkt. No. 44, Ex. A.

[9] *See* Molumphy Decl., Exs. D and E.

(emphasis added). Thus, the fact that Yan is moving as a "group" does not affect its suitability to serve as lead plaintiff because it is the type of group contemplated by Congress under the PSLRA to serve as lead plaintiff in federal securities law actions. To determine whether a putative "group" meets the definition of a "group" under the PSLRA, the court's "singular focus will be whether the asserted group has demonstrated the ability to effectively manage the litigation in the interests of the class and direct the litigation without undue influence of counsel." *In re Versata, Inc. Sec. Litig.*, No. 01-1439, 2001 U.S. Dist. LEXIS 24270, at *21-22 (N.D. Cal. Aug. 20, 2001). The members of Yan have shown their willingness to represent the Class by signing sworn Certifications detailing their investments in the Company's securities during the Class Period and confirming their willingness to discharge the obligations of class representatives. *See* Molumphy Decl., Ex. A.

Mr. Yan is the sole owner of Daylee Home Brother, Inc. and Yan Properties, Inc., and the sole individual with authority to purchase and sell securities on behalf of Dayle Home Brother, Inc. and Yan Properties, Inc. *See* Molumphy Decl., Ex. A (¶5 of the Yan Properties, Inc. Plaintiff's Certification and the Daylee Home Brother, Inc. Plaintiff's Certification). Thus, Yan, a small, cohesive group, comprised of Mr. Yan and two corporations wholly-owed and controlled by Mr. Yan, is exactly the type of group contemplated by the PSLRA and provides no issues for Defendants to exploit to the detriment of the Class. Accordingly, Yan, the properly constituted PSLRA group with by far the largest losses among the competing movants, is the "most adequate plaintiff."

"Most courts . . . are comfortable with permitting a group of persons to serve as lead plaintiff as long as the individuals in the group have some relationship pre-existing the litigation other than simply having purchased stocks that lost value." *Winn v. Symons Int'l Group*, No. 00-0310, 2001 U.S. Dist. LEXIS 3437, at *13-15 (S.D. Ind. Mar. 21, 2001) (appointing two brothers and another person who "had a personal and professional relationship" with the brothers as lead plaintiffs; citing cases); *In re Waste Management, Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 2000 U.S. Dist. LEXIS 9370,

at *26 (S.D. Tex. 2000) ("requiring at maximum a small group with the largest financial interest in the outcome of the litigation and a pre-litigation relationship based on more than their losing investment."); *In re Microstrategy Sec. Litig.*, 110 F. Supp. 2d 427, 435 (E.D. Va. 2000) ("Under this approach, a court may consider all relevant factors, such as descriptions of [the group's] members, including any pre-existing relationships among them") (internal citations and quotations omitted); *In re Landry's Seafood Rest., Inc.*, No. 99-1948, 2000 U.S. Dist. LEXIS 7005, at *16 (S.D. Tex. Mar. 30, 2000) ("After a careful review of the case law, this Court finds that the strictest approach, requiring at maximum a small group with the largest financial interest in the outcome of the litigation and a pre-litigation relationship based on more than their losing investment, satisfies the terms of the PSLRA and serves the purpose behind its enactment."); *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 813 (N.D. Ohio 1999) (appointing two brothers to serve as lead plaintiffs); *In re Milestone Scientific Sec. Litig.*, 183 F.R.D. 404, 418 (D.N.J. 1998) (appointing as lead plaintiff a group consisting of three family members and their associated investment groups); *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1153 (N.D. Cal. 1999) (determining that a "group" must have "a meaningful relationship preceding the litigation," and be "united by more than the mere happenstance of having bought the same securities"). Accordingly, Yan should be appointed Lead Plaintiff.

**D. There is no Preference for Institutional Investors**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant with the "largest financial interest in the relief sought by the class," and "a plaintiff's mere status as an institutional investor does not provide any presumption that the institutional plaintiff is a more adequate lead plaintiff than an individual investor with a larger financial interest." *Mohanty v. BigBand Networks, Inc.*, No. 07-5101, 2008 U.S. Dist. LEXIS 32764, at *17-18 (N.D. Cal. Feb. 14, 2008). *See also In re Cavanaugh,* 306 F.3d at 730 n.20 ("If financial sophistication had been

Congress's principal concern, it would not have made the plaintiff who lost the most money the presumptive lead plaintiff").[10]

## II. YAN'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff appointed by the court to select and retain counsel to represent the class, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should approve Yan's selection of Brower Piven as Lead Counsel and CPM as Liaison Counsel for the Class in these Actions. *See* Yan Motion at 9.

///

///

///

///

///

---

[10] *See also In re Vonage Initial Pub. Offering Sec. Litig.*, No. 07-177, 2007 U.S. Dist. LEXIS 66258, at *39-40 n.15 (D.N.J. Sept. 6, 2007) ("the PSLRA does not afford institutions a preference over other movants with greater financial losses."); *Tanne v. Autobytel*, 226 F.R.D. 659, 670 (C.D. Cal. 2005) ("Although the PSLRA was enacted to encourage Institutional investors to take a more active role in securities litigation . . . it does not require[] the district court to select the plaintiff it believes is the most sophisticated investor available . . . . As a consequence, there is no per se rule requiring that an institutional investor be appointed lead plaintiff in lieu of an individual who has a larger stake in the litigation.") (citation omitted); *In re American Bus. Fin. Servs., Inc. Sec. Litig.*, No. 04-0265, 2004 U.S. Dist. LEXIS 10200, at *7 (E.D. Pa. June 3, 2004) ("the language of the Act does not require that institutional investors take precedence over individual plaintiffs who are otherwise qualified to serve in a lead capacity."); *Steiner*, 2000 U.S. Dist. LEXIS 20341, at *14-15 ("[T]he PSLRA does not limit the presumption of most adequate plaintiff to institutional investors. Rather, the statute merely provides that the person or group of persons with the largest financial interest in the relief sought by the class is entitled to the presumption of most adequate plaintiff."); *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 821 (N.D. Ohio 1999) ("The institutional investor is not presumptively the most adequate plaintiff solely by virtue of its status"). Nevertheless, Yan consists of an individual and two institutional investors, both corporations incorporated in California, wholly-owned and controlled by Mr. Yan, also a resident of California. *See* http://kepler.sos.ca.gov/corpdata/ShowAllList?QueryCorpNumber=C2617627; http://kepler.sos.ca.gov/corpdata/ShowAllList?QueryCorpNumber=C3041649.

## CONCLUSION

For all of the foregoing reasons, Yan respectfully requests that this Court enter an order: (1) appointing it to serve as Lead Plaintiff in these Actions; (2) approving its selection of Lead Counsel and Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

DATED: November 25, 2009

**COTCHETT, PITRE & McCARTHY**

MARK C. MOLUMPHY (#168009)
JORDANNA G. THIGPEN (#232642)


      /s/ *MARK C. MOLUMPHY*
      MARK C. MOLUMPHY
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577


*Counsel for Yan and [Proposed]*
*Liaison Counsel for the Class*

**BROWER PIVEN**
  A Professional Corporation
David A.P. Brower
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

*Counsel for Yan and [Proposed]*
*Lead Counsel for the Class*

| | |
|---|---|
| HUY TRAN, Individually And On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br>         vs.<br><br>UCBH HOLDINGS, INC., THOMAS WU, AND CRAIG ON,<br><br>                              Defendants. | Civil Action No. 3:09-cv-04429-JSW |
| WATERFORD TOWNSHIP GENERAL EMPLOYEES RETIREMENT SYSTEM, Individually And On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br>         vs.<br><br>UCBH HOLDINGS, INC., THOMAS S. WU, CRAIG S. ON, and EBRAHIM SHABUDIN<br><br>                              Defendants. | Civil Action No. 3:09-cv-04449-MPH |
| DOMINIQUE DURBIN, Individually And On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br>         vs.<br><br>UCBH HOLDINGS, INC., THOMAS S. WU, CRAIG S. ON, and EBRAHIM SHABUDIN<br><br>                              Defendants. | Civil Action No. 3:09-cv-04513-JSW |

| | |
|---|---|
| DANIEL NYGAARD, WENDY FONG, AND JAMES ELAM, Individually And On Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br>　　　VS.<br><br>UCBH HOLDINGS, INC., THOMAS S. WU, and CRAIG S. ON,<br><br>　　　　　　　Defendants. | Civil Action No. 3:09-cv-04505-VRW |

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2009, I electronically filed the foregoing Memorandum of Law in Further Support of Yan's Motion to be Appointed Lead Plaintiff and to Approve Proposed Lead Plaintiff's Selection of Counsel using the CM/ECF system which will send notification of such filing to the registered participants with the CM/ECF system.

/s/ Mark C. Molumphy
Mark C. Molumphy