Laurence M. Rosen (SBN # 219683)
**THE ROSEN LAW FIRM, P.A.**
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone:  (213) 785-2610
Facsimile:   (213) 226-4684
Email: lrosen@rosenlegal.com

and

Phillip Kim, Esq.
**THE ROSEN LAW FIRM, P.A.**
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone:  (212) 686-1060
Facsimile:   (212) 202-3827
Email: pkim@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| GUOHUA ZHU, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>UCBH HOLDINGS, INC., THOMAS S. WU, AND EBRAHIM SHABUDIN,<br><br>Defendants.<br><br>*Caption continues* | Case No.   CV 09-04208-JSW<br><br>**KYUNG CHO'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**<br><br><u>CLASS ACTION</u><br><br>**Hon. Jeffrey S. White**<br><br>Hearing Date: December 18, 2009<br>Time: 9:00 a.m.<br>Courtroom: 11, 19th Floor |

| | |
|---|---|
| HUY TRAN, Individually and Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>             vs.<br><br>UCBH HOLDINGS, INC., THOMAS S. WU, AND CRAIG ON,<br><br>                    Defendants. | Case No.     CV 09-04429-JSW<br><br>CLASS ACTION |
| WATERFORD TOWNSHIP GENERAL EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>             vs.<br><br>UCBH HOLDINGS, INC., THOMAS S. WU, CRAIG S. ON and EBRAHIM SHABUDIN,<br><br>                    Defendants. | Case No.     CV 09-04449-MHP<br><br>CLASS ACTION |
| SALVADOR PEREZ, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>             vs.<br><br>UCBH HOLDINGS, INC., THOMAS S. WU, CRAIG S. ON and EBRAHIM SHABUDIN,<br><br>                    Defendants.<br><br>*Caption continues* | Case No.     CV 09-04492-JSW<br><br>CLASS ACTION |

| | |
|---|---|
| DANIEL NYGAARD, WENDY FONG, and JAMES ELAM, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UCBH HOLDINGS, INC., THOMAS S. WU, CRAIG S. ON and EBRAHIM SHABUDIN,<br><br>Defendants. | Case No.   CV 09-04505-VRW<br><br><u>CLASS ACTION</u> |
| DOMINIQUE DURBIN, Individually and Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>UCBH HOLDINGS, INC., THOMAS S. WU, AND CRAIG ON,<br><br>Defendants. | Case No.   CV 09-04513-JSW<br><br><u>CLASS ACTION</u> |

## **KYUNG CHO'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**

Movant Kyung Cho ("Cho") lost over $1.7 million[1] in his purchases of UCBH Holdings, Inc. ("UCBH") stock during the class period. Cho has the largest loss of any single individual or entity. The only movant who purportedly lost more is the self-styled "Yan Group"[2] —consisting of Bai Zhi Yan and two entities Yan Properties, Inc. and Daylee Home Brother, Inc.

While the Yan Group collectively asserts a larger financial interest than Cho, the Group does not satisfy the typicality and adequacy requirements of Rule 23. It is critical to note that courts determining the most adequate lead plaintiff do not merely perform a rote mathematical

---

[1] Assuming a zero lookback price, Cho lost over $2.5 million.
[2] The Yan Group claims over $2.7 million in lookback losses. Bai Zhi Yan claims approximately $440,000 in loss, Yan Properties, Inc. claims approximately $1.3 million in loss, and Daylee Home Brother, Inc. claims approximately $978,000 in loss. Docket no 44-1.

3
KYUNG CHO'S OPP. TO COMPETING LEAD PLAINTIFF MOTIONS—Civil Action No. CV 09-04208-JSW

calculation of comparing alleged losses. Numerical loss is only the first step in the process. The second step is analyzing a proposed lead plaintiff's typicality and adequacy under Rule 23.

Here, the Yan Group cannot satisfy the requirements of Rule 23 for several reasons. There are serious questions about whether the entity members of the Yan Group are properly before the Court. Bai Zhi Yan signed the PSLRA certifications of Daylee Home Brother, Inc. and Yan Properties, Inc. (the "Entities") as their "sole owner," however securities filings made by the Entities with the California Department of Corporations indicate that both Entities had conducted private offerings of its securities. *See* Declaration of Laurence M. Rosen, filed herewith, ("Rosen Decl.") Ex. 1. Not only does this call into question whether the Entities are properly authorized to serve as part of a lead plaintiff group, but raises serious questions about the credibility and diligence of Bai Zhi Yan. Indeed, the certifications were signed under penalty of perjury. *See In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 144 (S.D.N.Y. 2007) (explaining that in determining adequacy under Rule 23, courts have considered characteristics such as honesty, trustworthiness, and credibility); *see also, In re Vonage IPO Sec. Litig.*, 2007 WL 2683636, at * 8 & n. 8 (D.N.J. Sept. 6, 2008) (holding proposed lead plaintiff inadequate, because of among other things, "misinformation" stated in certification).

There's more. Each of the certifications Yan signed state that he reviewed a complaint "and authorized its filing." Docket no. 44-1, at 6, 9, 14. Yet the Group, Yan or the Entities never filed a complaint.[1] Moreover, the certifications Yan incorrectly executed are all dated November 9, 2009-- *the day before* the lead plaintiff deadline. *Id.* Taken collectively, these facts demonstrate that the Bai Zhi Yan is not (or is unable to be) aware of what he agreed to in executing the PSLRA certifications.

---

[1] Additionally, the Yan Group's motion does not comply with L-R 3-7(c) because the Group has not stated that they have adopted in the allegations in the complaint they reviewed or explicitly stated in their opening papers the claims they intend to assert. Rather in its opening papers, the Yan Group merely provides a "Summary of Action" section which summarizes one of the related actions. Docket no. 44, at p. 3.

4

KYUNG CHO'S OPP. TO COMPETING LEAD PLAINTIFF MOTIONS—Civil Action No. CV 09-04208-JSW

Lastly, the Yan Group, has failed to submit *any* information as to when, why, and how the group came to be formed. Though many courts are reluctant[1] to appoint lead plaintiff groups, courts may appoint lead plaintiff groups that submit evidence as to how and when the group came together, information about its members, its cooperative efforts, and the group's functioning. *See Terragon Corp.*, 2007 WL 4302732, at * 2 (S.D.N.Y. Dec. 6, 2007) ("there must be some evidence that the members of the group will act collectively and separately from their lawyers.") (citing *Weltz v. Lee*, 199 F.R.D. 129, 132-33 (S.D.N.Y. 2001)); *Local 144 Nursing Home Pension Fund v. Honeywell Int'l, Inc.*, 2000 WL 33173017, at * 4 (D.N.J. Nov. 16, 2006) (group submitted declaration advising of members' sophistication, involvement in the case thus far, etc.); *In re Nature's Sunshine Products, Inc.*, 2006 WL 2380965, at * 1 (D. Utah Aug. 16, 2006) (proposed group submitted affidavits demonstrating cooperative efforts and did not combine at the last minute).[2]

In contrast to the Yan Group and the uncertainties surrounding its members, Cho is not a member of a lawyer-made group, there are no questions about his credibility or diligence, and he has suffered the largest loss of any single person or entity and made a *prima facie* demonstration of his adequacy and typicality. Therefore, the Court should appoint him as Lead Plaintiff in this action.

---

[1] *See e.g, Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1154 (N.D. Cal. 1999) ("the lead plaintiff must be an individual person or entity, or at most, a close-knit 'group' of persons"); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 451 (C.D. Cal. 2002); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 442 (S.D. Tex. 2002) (a proposed lead plaintiff group bears "the burden of demonstrating that the group not only has the largest financial interest in the outcome of the litigation, but also a pre-litigation relationship based on more than the losing investments at issue in the securities fraud class action"); *In re Donnkenny Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997)

[2] Scant information is available on Yan and his Entities on the internet. However internet searches reveal that, an Alex Yan, a former UCBH employee, pleaded guilty to embezzlement charges in February of 2009. *See* Rosen Decl., Ex. 2. Bai Zhi Yan should be required to explain that Alex Yan is not a relative, business associate, or otherwise connected to Yan and the Entities.

Dated: November 25, 2009　　　　　　　　　Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence Rosen, Esq.
Laurence M. Rosen (SBN # 219683)
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone:　(213) 785-2610
Facsimile:　(213) 226-4684
Email: lrosen@rosenlegal.com

and

Phillip Kim, Esq.
**THE ROSEN LAW FIRM, P.A.**
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone:　(212) 686-1060
Facsimile:　(212) 202-3827
Email: pkim@rosenlegal.com


[Proposed] Lead Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, pursuant to 28 U.S.C. §1746, hereby declare under penalty of perjury as follows:

I am the managing attorney of the Rosen Law Firm, P.A. I am over the age of eighteen.

On November 25, 2009, I electronically filed the following **KYUNG CHO'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

On the same date I also caused the document to be submitted to the Stanford Law School Class Action Clearinghouse via email to scac@law.stanford.edu.

Executed on November 25, 2009.

                                          /s/ Laurence Rosen
                                          Laurence M. Rosen