| | |
|---|---|
| 1 | CROWELL & MORING LLP |
| | Thomas F. Koegel (CSB No. 125852, tkoegel@crowell.com) |
| 2 | Suzanne E. Rode (CSB No. 253830, srode@crowell.com) |
| | 275 Battery Street, 23rd Floor |
| 3 | San Francisco, CA 94111 |
| | Telephone: 415.986.2800 |
| 4 | Facsimile: 415.986.2827 |

Counsel for E. Lynn Schoenmann,
Chapter 7 Trustee of UCBH Holdings, Inc.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| GUOHUA ZHU, Individually and On Behalf of All Others Similarly Situated, | Chapter Number: 7 |
| Plaintiff, | Case No. 09-4208 JSW<br>09-4429 JSW<br>09-4449 JSW<br>09-4513 JSW<br>09-4505 JSW |
| v. | |
| UCBH HOLDINGS, INC., THOMAS S. WU, and EBRAHIM SHABUDIN, | **RESPONSE OF THE BANKRUPTCY TRUSTEE TO COURT ORDER DATED DECEMBER 14, 2009** |
| Defendants. | |
| HUY TRAN, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | |
| UCBH HOLDINGS, INC., THOMAS S. WU, and CRAIG ON, | |
| Defendants. | |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

Miscellaneous Administrative Motion        CASE NO. 09-4208-JSW, ET SEQ.

| | |
|---|---|
| 1 | DOMINIQUE DURBIN, Individually and On Behalf of All Others Similarly Situated, |
| 2 | |
| 3 | Plaintiff, |
| 4 | v. |
| 5 | UCBH HOLDINGS, INC. THOMAS S. WU, and CRAIG ON. |
| 6 | |
| 7 | Defendants. |
| 8 | WATERFORD TOWNSHIP GENERAL EMPLOYEES RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, |
| 9 | |
| 10 | |
| 11 | Plaintiff, |
| 12 | v. |
| 13 | UCBH HOLDINGS, INC., THOMAS S. WU, CRAIG ON, and EBRAHIM SHABUDIN, |
| 14 | |
| 15 | Defendants. |
| 16 | DANIEL NYGAARD, WENDY FONG, JAMES ELAM, Individually and On Behalf of All Others Similarly Situated, |
| 17 | |
| 18 | Plaintiffs, |
| 19 | v. |
| 20 | UCBH HOLDINGS, INC, THOMAS S. WU, CRAIG ON, and EBRAHIM SHABUDIN, |
| 21 | |
| 22 | Defendants. |

Non-party E. Lynn Schoenmann ("Trustee"), in her capacity as bankruptcy trustee for the estate of UCBH Holdings, Inc. in *UCBH Holdings, Inc.*, Debtor, Case No. 09-33701 in the United States Bankruptcy Court for the Northern District of California, respectfully responds to this Court's Order dated December 14, 2009. The December 14, 2009 Order requested the trustee's views on whether the UCBH-related actions captioned above should proceed as regards

1  individual defendants, and on whether hearing claims against the individual defendants and
2  UCBH separately would be in the interests of judicial economy. At the Trustee's request due to
3  her recent appointment, and that of her counsel, the Court extended the Trustee's time to respond
4  to the order through January 11.

5  The Trustee appreciates the Court's inquiry and the extension of time to allow her
6  response. During the extension, the Trustee was able to review the docket in this and the other
7  matters proposed for joint administration here. She was also able to obtain some, but not all, of
8  the information regarding insurance coverage relevant to these actions and to the bankruptcy
9  estate. The FDIC's receivership caused the removal of records from the Bank to FDIC storage
10 out of state. And the FDIC zealously is protecting its rights regarding those documents for the
11 bank-in-receivership--even vis-à-vis the requests of the bank's holding company, the Debtor
12 UCBH Holdings, Inc. The Trustee finally obtained some of the relevant insurance information
13 last Friday with the assistance of former counsel for UCBH, Morrison & Foerster. Unfortunately,
14 as a result of the complexity of the matters presented and of the difficulty in obtaining
15 information, the Trustee is not yet in a position to offer a definitive response to the Court's
16 inquiry on whether these matters should proceed as to the individuals.

17 The Trustee's primary concern is to complete a full inquiry into the available insurance
18 proceeds, and to determine whether those proceeds can be brought to bear for the benefit of all
19 the creditors of the bankruptcy estate. The Trustee's initial review of one UCBH Directors and
20 Officers policy indicated that the Debtor purchased "Side C" coverage that protects the company
21 directly from claims. The coverage thus is broader than merely "Side A" coverage for directors
22 and officers and "Side B" coverage for the company against the directors' and officers' indemnity
23 claims against the company. In addition, as the policy is a "wasting policy" the bankruptcy
24 estate's Side C coverage will be depleted by defense costs in litigation even if that litigation only
25 involves the individual defendants.

26 The filing by the Pension Trust Fund for Operating Engineers acknowledged the issue of
27 coverage, but placed its discussion in a footnote. Tellingly, the 1991 case cited by the Operating
28 Engineers, does not clearly indicate whether that company's own coverage (as opposed to

CROWELL
& MORING LLP
ATTORNEYS AT LAW

Miscellaneous Administrative motion      -3-           CASE NO. 09-4208-JSW, ET SEQ

Case3:09-cv-04208-JSW Document119 Filed01/11/10 Page4 of 5

1 coverage for its directors and officers) was at issue. *See In re Daisy Systems Securities Litigation*, 132 B.R. 752, 755-56 (N.D. Cal. 1991) (discussing the trustee's assertion of an interest in the proceeds of the policy against potential derivative action against the officers and directors). The case law has developed considerably since 1991, but a 2005 case described Ninth Circuit law on the issue of when D&O coverage is an asset of the bankruptcy estate as "lacking controlling precedent." *See Metropolitan Mortgage & Securities Co. v. Cauvel* (*In re Metropolitan Mortgage & Securities Co.*), 325 B.R. 851, 856 (Bankr. E.D. Wash. 2005). In that case, the court was faced with a policy that clearly contained Sides A, B, and C coverage. *Id.* At 853. The Court analyzed the common, undivided interest of the debtor companies and their directors and officers, and determined that the proceeds were within the estate and hence within the automatic stay of 11 U.S.C. § 362(a)(3). *Id.* at 856.

Further, it is clear that an evaluation of the appropriate course of the cases before this Court requires more facts than have been presented to date. This is true of this Court in exercising its own discretion in managing cases on its docket, and of the Bankruptcy Court, should the Trustee or another interested party present a request to enforced the stay under section 362 or impose a stay under section 105 of the Bankruptcy Code. "Whether the proceeds of a D & O liability insurance policy is property of the estate must be analyzed in light of the facts of each case." *In re Cybermedica,* 280 B.R. 12, 15 (Bankr. D. Mass. 2002).

Finally, while it is certainly true that the liabilities of the debtor appear to far outstrip immediately available assets, it is not clear (at present) that allowing the litigation of the matters pending here will have no impact on the bankruptcy estate. While the Operating Engineers appear from their memorandum ready to dismiss UCBH and to agree not to seek any recovery from the bankruptcy estate, they are but one plaintiff. The other plaintiffs (and prospective lead plaintiffs), have not so stated.

The Trustee respectfully submits that the Court may proceed with the issues regarding lead plaintiff selection. She will commit to report further to the Court in advance of the February status conference regarding her view—or, if she determines that the bankruptcy issues need to be presented initially in the Bankruptcy Court, to provide this Court with notice of her intent to do

CROWELL & MORING LLP ATTORNEYS AT LAW

Miscellaneous Administrative motion -4- CASE NO. 09-4208-JSW, ET SEQ

1 | so.

2

3 | Dated: January 11, 2010            CROWELL & MORING LLP

4 |                                        /s/

5 |            Thomas F. Koegel
        Attorneys for E. Lynn Schoenmann

7 | 106065\0000001\902004384.1