UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GUOHUA ZHU, et al., | No. C 09-04208 JSW (LB) |
|     Plaintiffs, | ORDER |
| v. | |
| UCBH HOLDINGS, et al. | |
|     Defendants. | |
| _____/ | |

    With the parties' permission (given on the call), the court enters this order memorializing the agreements and orders made at the May 14, 2015, settlement conference call.

    1. Financial affidavits for certain defendants are being provided today to the court for settlement purposes only. Mr. Thompson is one of those defendants, and his counsel agreed that his affidavit may be provided to Plaintiff's counsel for settlement purposes only (and thus will be protected by the settlement privilege). As soon possible, and by Monday, May 17, 2015 if feasible, the remaining defendants who are producing financial information must advise the court whether the court may produce the affidavits to Plaintiff's counsel subject to the same restriction.

    2. Plaintiff's counsel previously requested disclosure of the allocation agreement informally and will make a formal request for production today. Given how important this insight is to settlement talks, the court strongly encouraged the parties (including any non-parties who are signatories to the

ORDER
C 09-04208 JSW (LB)

allocation agreement and who object to its disclosure) to waive the time period for responding and respond immediately to the request. Given that not everyone was on the call, Ms. McNamara will reach out to all parties and signatories to determine whether they (1) waive the 30-day time period for responding and (2) object or do not object to the production of the allocation agreement pursuant to court order for settlement purposes only (and thus subject to the settlement privilege). She will do this as soon as possible, and by Monday, May 17, 2015 if feasible, and ask for the answers by Wednesday, May 19, 2015. She will then coordinate the production of the information to the court in a chart. The following parties said on the record that they (1) will waive the time period for responding and will respond immediately and (2) do not object to the production of the allocation agreement pursuant to court order for settlement purposes only (and thus subject to the settlement privilege). The counsel and the represented clients are as follows:

| **Counsel** | **Clients** | **Waive Time Period** | **Do Not Object** |
|---|---|---|---|
| Jeffrey Bornstein | Burt Thompson | Y | Y |
| Mary McNamara | John Cinderey | Y | Y |
| Nancy Clarence | Craig On | Y | Y |
| Anna Erickson White | Dennis Wu<br>Dan Riley<br>David Ng<br>Joseph Jou<br>Li-Lin Ko<br>Richard Wang<br>Godwin Wong | Y | Y |
| Carolyn McIntyre | Daniel Gautsch<br>Douglas Mitchell<br>Robert Nagel | Y | Y |

The court asks for the information about the remaining signatories to be provided in similar chart form.

3. The SEC produced to the court the transcript in the criminal trial for settlement purposes only. The court will make it available to the parties, again for settlement purposes only. Mr. Rosen and Ms. White requested access, and the court produced it to them for settlement purposes only. Any access by any parties is for settlement purposes only. The parties must order the transcript if they want to use it.

ORDER
C 09-04208 JSW (LB)　　　　　　　　　　2

4. Within one week, Mr. Rosen will provide his draft plan for prosecuting the civil case, including his proposed dates and his discovery plan, pre- and post-certification.

5. Within one week, Ms. White will circulate a proposal for the outlines of what a narrowed class settlement might look like, including a proposal for streamlined notice.

6. A call is scheduled for May 28, 2015, at 1 p.m. The parties will call chambers on one line.

**IT IS SO ORDERED.**

Dated: May 14, 2015

LAUREL BEELER
United States Magistrate Judge